**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ERIN DESANTIS,** | ) | **Case No. 2:11-cv-865** |
| | ) | |
| **Plaintiff,** | ) | **Judge  Marbley** |
| | ) | |
| v. | ) | **Magistrate Judge King** |
| | ) | |
| **INDIAN CREEK LOCAL SCHOOL** | ) | |
| **DISTRICT, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

**AGREED PROTECTIVE ORDER**

The parties having agreed to the entry of a protective order to prevent the unnecessary public disclosure of medical, financial, and student records that may be produced by the Plaintiff and/or the Defendants in this matter, and it appearing to the Court that such an order is necessary, appropriate, and will facilitate discovery, IT IS HEREBY ORDERED THAT:

1.	The parties may designate as "Confidential Information" any documents, deposition transcripts, or exhibits (or portions of any documents, deposition transcripts, or exhibits) that any party believes should be subject to the terms of this Agreed Protective Order.  The parties may designate Confidential Information for which protected status is claimed by stamping or labeling such document "Confidential" on the first page of each document or by any other reasonable means of giving notice of the parties' intent to claim protected status for the document.  Confidential Information:

(a)	Shall be disclosed to no one except the parties (and employees of the parties whose review of the information is necessary to this litigation), their attorneys (including the staff, secretarial, and clerical personnel of such counsel), deponents, trial

witnesses, any experts or consultants retained by the parties who have agreed to abide by the terms of this Agreed Protective Order and have executed the acknowledgement attached as Exhibit A, and the Court, in accordance with Paragraph 3;

        (b)     Shall be maintained in confidence; and

        (c)     Shall be used solely for the purpose of the above-captioned action.

2.     This Agreed Protective Order shall not be deemed to encompass documents or information that was lawfully in a party's possession prior to the filing of the above-captioned action, so long as the party obtained and retained the documents or information without violating any law or then-existing policies of the Defendants.

3.     (a)     If, within no more than thirty days after producing documents, a party discovers that these documents should have been made subject to this Agreed Protective Order, that party may designate as "CONFIDENTIAL" material that it has already produced.  Such designation shall be made by notifying in writing the person(s) to whom such material was produced that such material constitutes Confidential Information, providing clear instructions enabling the person(s) to whom the material was produced to identify the material, and  producing a substitute version of the produced material that has been properly labeled "CONFIDENTIAL."  The material shall be treated as Confidential Information from the date of such notification forward, and any prior disclosure of the material shall not be considered a violation of this Agreed Protective Order.

        (b)     If, more than thirty days after producing documents, a party discovers that these documents should have been made subject to this Agreed Protective Order, that party, after exhausting reasonable attempts to resolve the matter with

opposing counsel without involving the Court, may move the Court for leave to designate such documents as subject to the Agreed Protective Order.

4.      Where a document or information has been designated as Confidential Information by a party, a party seeking to file that Confidential Information with the Court shall notify the party that designated it as Confidential Information. The party that designated the document or information as Confidential Information shall move the Court for leave to authorize the filing of those materials under seal, and, if applicable, propose redactions to the Court that satisfy its interests in protection of the information, within 5 days or else the other party is permitted to file the Confidential Information, subject to the Court's rules on redaction.

5.      At the conclusion of the above-captioned action, by judgment or otherwise, attorneys for any party that received documents designated as Confidential Information will request return or destruction of all documents designated as Confidential Information that were shared with staff, secretaries, clerical personnel, deponents, trial witnesses, experts, and consultants, and such individuals are required by this Agreed Protective Order to return all documents designated as Confidential Information, which were not filed with the Court,  to the attorney making such request.  Counsel for each party will then return all documents designated as Confidential Information, which were not filed with the Court, and copies thereof, to the producing party or destroy all such documents and copies, except that nothing herein shall require any party to return or destroy materials that are, in the judgment of counsel, attorney work product.  Any Confidential Information that is not returned because it contains attorney work product

3

shall be destroyed or maintained in confidence consistent with the restrictions in this Agreed Protective Order.

6. Any party, after exhausting reasonable attempts to resolve the matter with opposing counsel without involving the Court, may bring before the Court for ruling thereon, any motion setting forth any problems or difficulties that arise as a result of this Agreed Protective Order, or for the purposes of modifying it, or for an order declaring that information designated as "Confidential Information" by a party is not confidential. The burden of proving the propriety nature of a document's or particular information's "Confidential" designation shall be on the proponent of such protection. Until the Court rules on such motion, documents and information designated as Confidential Information shall still remain confidential under the terms of this Agreed Protective Order.

7. Nothing in this Order shall prevent or control the introduction of evidence which may include Confidential Information at trial or an open hearing with this Court in this matter. If a party opposes use of Confidential Information at trial, the party opposing its use must file a motion with the court stating the grounds for exclusion or for limiting use of the Confidential Information, to which the party seeking to admit the document shall have at least five (5) days to respond. The court, at its discretion, may hold an *in-camera* hearing regarding the motion.

8. In the event that it becomes necessary in the judgment of counsel for any party to use or disclose Confidential Information other than as permitted above, such use or disclosure may only be made upon written stipulation of the parties or upon further order of this Court.

**IT IS SO ORDERED.**

4

Date: _3/28/12_

_____
**U.S. District Court Magistrate Judge King**

**AGREED AND ACKNOWLEDGED:**

/s/Frederick M. Gittes
Frederick M. Gittes (0031444)
fgittes@gitteslaw.com
Jeffrey P. Vardaro (0081819)
jvardaro@gitteslaw.com
The Gittes Law Group
723 Oak St.
Columbus, OH 43205
(614) 222-4735/Fax: (614) 221-9655
Attorneys for Plaintiff Erin DeSantis

/s/Maribeth Deavers (per e-mail consent)
Mark Landes (0027227)
(ml@isaacbrant.com)
Maribeth Deavers (0055903)
(md@isaacbrant.com)
A.J. Hensel (0085340)
(ah@isaacbrant.com)
Isaac, Brant, Ledman & Teetor, LLP
250 E. Broad Street, Ste 900
Columbus, Ohio 43215
Phone: 614-221-2121
Fax: 614-365-9516
Attorneys for Defendants

## ACKNOWLEDGEMENT

I,_____ have read the Agreed  Protective Order entered in

the above-captioned matter, *DeSantis v. Indian Creek Local School District, et al.*, S.D.

Ohio Case No. 2:11-cv-865, and I understand the contents thereof.  I hereby agree to

comply with all terms, conditions, and restrictions contained in said Agreed Protective

Order regarding the use and disclosure of any materials labeled "Confidential

Information" that I have reviewed, or will review, in connection with this matter, and I

agree to be subject to the jurisdiction of the U.S. District Court for the Southern District

of Ohio, Eastern Division, for enforcement of the Agreed Protective Order.


Dated:  _____

Signed:  _____